**MARTIN & BONTRAGER, APC**
G. Thomas Martin, III (SBN 218456)
Nicholas J. Bontrager (SBN 252114)
6464 W. Sunset Blvd., Ste. 960
Los Angeles, CA 90028
T: (323) 940-1700
F: (323) 238-8095
Tom@mblawapc.com
Nick@mblawapc.com

Attorneys for Plaintiff
JOHNNY ROBINSON

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY ROBINSON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SWIFTFUNDS FINANCIAL SERVICES, LLC,<br><br>　　　　Defendant(s). | Case No.: **'17CV1007 W    BLM**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR:**<br><br>**1. VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT [15 U.S.C. § 1692]**<br><br>**2. VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT [CAL. CIV. CODE § 1788]** |

## INTRODUCTION

1.　JOHNNY ROBINSON (Plaintiff) brings this action to secure redress from SWIFTFUNDS FINANCIAL SERVICES, LLC (Defendant) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. Plaintiff also

- 1 -

brings this action to secure redress from Defendant for violations of the Rosenthal Fair Debt Collection Practices Act [CAL. CIV. CODE § 1788].

## JURISDICTION AND VENUE

2. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions alleged in this Complaint originated here as Plaintiff is located and Defendant transacts business here.

## PARTIES

4. Plaintiff is an individual, residing in Valley Center, San Diego County, California.  Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing.

5. Defendant is a limited liability company engaged in the business of collecting debts in this state and in several other states, with its principal place of business located in California.  The principal purpose of Defendant is the collection of debts in this state and several other states, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect debts alleged to be due another and Defendant is a "debt collector" as defined by the FDCPA and RFDCPA.

## FACTUAL ALLEGATIONS

7. Within one year prior to the filing of this action, Defendant contacted Plaintiff to collect money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction and/or "consumer debt."

8. At all times relevant to this action, Defendant owned, operated and/or controlled telephone number (323) 741-5269. At all times relevant to this action,

Defendant called Plaintiff from, but not limited to, the forgoing telephone number for the purpose of collecting the alleged debt.

9. On or about May 8, 2017, Defendant placed a call to Plaintiff's cellular telephone number ending in 8178 in connection with collection of the alleged debt.

10. Plaintiff was unable to answer Defendant's May 8, 2017 call and as a result, Defendant's agent "Monica" left a voicemail message on Plaintiff's phone.

11. Defendant's voicemail message left, stated as follows:

> "This message is for Johnny Robinson.  My name is Monica and I'm with Swiftfunds Financial.  Calling in reference to a claim placed in my office.  Please return my call today to get this matter resolved.  You may reach me at 323-741-5269.
> Thank you."

12. Defendant's May 8, 2017 voicemail message did not advise Plaintiff that Defendant is a collection agency and did not advise Plaintiff that Defendant's call was in connection with the collection of an alleged debt.

13. When available to, Plaintiff listened to the message.  Due to Defendant's failure to clearly and effectively advise Plaintiff that Defendant was a collection agency and attempting to collect a debt, Plaintiff returned Defendant's call to inquire as to who Defendant was and why it was calling him.  Upon being advised as to this information, Plaintiff immediately requested that Defendant produce written proof of the alleged debt.

14. In response, Defendant emailed a written correspondence on May 8, 2017.  A redacted copy of said May 8, 2017 letter is attached hereto as "Exhibit A."  To date, the May 8, 2017 correspondence is the only written communication Plaintiff has received from Defendant regarding the alleged debt owed.

15. Defendant's May 8, 2017 correspondence does not advise Plaintiff of his statutory rights under 15 U.S.C. §1692(g) to dispute the alleged debt and/or request validation of the alleged debt from Defendant.

16. As a result of Defendant's alleged violations of law by leaving these voice messages on Plaintiff's telephone without the requisite disclosures as mandated by the FDCPA as well as failing to provide written notice of Plaintiff's right to dispute and/or seek validation of the alleged debt, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

    a. Invading Plaintiff's right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including the purpose for Defendant's collection calls, that Defendant is a collection agency and that Plaintiff has the right to dispute the alleged debt;

    b. Engaging in the unfair business practice of intentionally, falsely and deceptively depriving Plaintiff of his right to specific information mandated by the FDCPA to be provided by Defendant in each collection communication, including the purpose for Defendant's collection calls, that Defendant is a collection agency and that Plaintiff has the right to dispute the alleged debt;

    c. Impermissibly causing Plaintiff confusion and/or lack of knowledge and information such as the purpose of Defendant's call, that Defendant is a collection agency, and that Plaintiff has the right to dispute the alleged debt;

    d. Causing Plaintiff to expend needless time in receiving, researching and attempting to identify on their own who Defendant is, the purpose for Defendant's calls, that Defendant is a collection agency, and that Plaintiff has the right to dispute the alleged debt.

# FIRST CAUSE OF ACTION

**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692)**

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated §1692d(6) by communicating with Plaintiff and failing to provide meaningful disclosure as to Defendant's identity and purpose for the telephone call;

(b) Defendant violated §1692e(10) by engaging in false and/or deceptive practices in communicating with Plaintiff and failing to provide meaningful disclosure of Defendant's identity and purpose for the call, by failing to advise Plaintiff in all communications that Defendant is a debt collector, and by depriving Plaintiff of his statutory right to be advised of his FDCPA rights to dispute and/or request validation of the alleged debt;

(c) Defendant violated §1692e(11) by failing to advise Plaintiff in all communications that Defendant is a debt collector; and

(d) Defendant violated §1692g(a) by failing to notify Plaintiff in writing of his rights to dispute and/or request validation of the alleged debt.

19. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

20. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs, and, such other and further relief as the Court deems proper.

## SECOND CAUSE OF ACTION

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

(a) Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

23. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

24. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

(a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and CAL. CIV. CODE § 1788.30(a) suffered as a result of both the intentional and/or negligent FDCPA and RFDCPA violations, in amounts to be determined at trial and for Plaintiff.

(b) Statutory damages from Defendant pursuant to 15 U.S.C. § 1692k(a)(2)(A) pursuant to CAL. CIV. CODE § 1788.30(b); and

(c) Costs and reasonable attorney's fees pursuant to pursuant to 15 U.S.C. § 1692k(a)(3) and CAL. CIV. CODE § 1788.30(c);

(d) For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

                                         RESPECTFULLY SUBMITTED,

Dated: May 16, 2017           **MARTIN & BONTRAGER, APC**

                                         By: <u>/s/ Nicholas J. Bontrager</u>
                                                 Nicholas J. Bontrager
                                                 *Attorney for Plaintiff*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# *EXHIBIT A*

COMPLAINT FOR DAMAGES

SWIFTFUNDS FINANCIAL SERVICES
PO BOX 2397
PALOS VERDES PENINSULA, CA 90274
888-479-4384

05/08/17

RE: ROBINSON, JOHNNY
VALLEY CENTER
CA 92082

REF#: ▮▮▮▮▮
CLIENT: ▮▮▮▮▮▮▮▮▮▮
CASE#: ▮▮▮▮▮

BALANCE ▮▮▮▮▮▮

THIS LETTER WILL SERVE AS CONFIRMATION THAT THE ABOVE REFERENCED ACCOUNT WILL BE CONSIDERED PAID IN FULL UPON RECEIPT OF ▮▮▮▮▮ IN CERTIFIED FUNDS.

SINCERELY,

SWIFTFUNDS FINANCIAL SERVICES

**THIS LETTER DOES NOT CONSTITUTE RECEIPT OF FUNDS**
**THIS LETTER IS NOT PROOF OF PAYMENT IN FULL**